■ In the Matter of the Estate of SIEGFRIED EHRENBERG, Deceased. PETER L. FULVIO, Respondent; EDYTHE EHRENBERG, as Executrix of SIEGFRIED EHRENBERG, Deceased, Appellant.— Appeal by the executrix from a decree of the Surrogate's Court of Albany County which determined the value of legal services rendered to the estate by petitioner-respondent prior to his discharge. The services consisted mainly in probating the will, advising the executrix in regard to a negligence action in which testator had been plaintiff, obtaining a release of lien on one parcel of real estate, negotiating an adjustment of an assessment against testator for an unpaid income tax, preparing but not filing Federal and State estate tax returns, and counselling with the executrix. The estate consists of real property appraised at $58,000 but subject to mortgages of $26,145.11 and personal property worth $12,989.86. The services performed were routine and not complex. The will was probated without objection, upon petition of the widow, who is the executrix, and with the co-operation of the only other heir. The will devises and bequeaths the entire estate to the widow. The petitioner-respondent had approximately three years of legal experience before being retained and rendered his services to the estate over a period of six months. The elements to be considered in fixing an attorney's fee in an estate matter are (1) the nature of the services rendered, (2) the difficulties involved, (3) the time spent, (4) the value of the estate, and (5) the standing of counsel. (*Matter of Potts*, 213 App. Div. 59.) On the record before us, it appears that the award was excessive and should be reduced to $1,250. Decree modified, on the law and facts, by reducing the award to $1,250 and, as modified, affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLAUDE POOLE, Appellant.— Defendant appeals from an order of the Sullivan County Court which denied his motion for an order, in the nature of *coram nobis,* to set aside a judgment of conviction against him for the crime of manslaughter in the first degree. Appellant was indicted for the crime of murder in the second degree. Upon arraignment he was represented by counsel and entered a plea of not guilty. Thereafter and during the course of a trial his plea of not guilty was withdrawn and he pleaded guilty to the crime of manslaughter in the first degree. One of appellant's arguments is that he misunderstood the nature of the crime to which he pleaded and that his plea of guilty was mistakenly entered as a result of misapprehension on his part; that he understood from his counsel that the charge to which he pleaded guilty was one of "involuntary manslaughter", which carried a punishment of only eighteen months. Appellant's chief point appears to be a claim that he was not adequately represented by counsel, but from our examination of the record we feel that appellant has not sustained this contention. Counsel assigned to prosecute this appeal for appellant has very ably analyzed the record and presented every possible argument in favor of the defendant but the record is such as to indicate that appellant was fully advised of the nature of the crime to which he pleaded guilty and of the possible consequences thereof. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ. [See 2 A D 2d 611.]